Eastern District of Kentucky
FILED

JUL 2 3 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 6:26-cr-101-SCM

DANIEL COMBS

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about January 9, 2026, in Knott and Perry Counties, in the Eastern District of Kentucky,

**DANIEL COMBS**

did knowingly and intentionally possess with intent to distribute controlled substances, including 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Before **DANIEL COMBS** committed the offense charged in this count, **DANIEL COMBS** had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412, first degree trafficking in a controlled substance (heroin), for which

he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

## COUNT 2
### 18 U.S.C. § 924(c)(1)(A)

On or about January 9, 2026, in Knott County, in the Eastern District of Kentucky,

## DANIEL COMBS

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 1, that is, possession with the intent to distribute controlled substances, in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
### 18 U.S.C. § 922(g)(1)

On or about January 9, 2026, in Knott County, in the Eastern District of Kentucky,

## DANIEL COMBS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is: (1) a SCCY Industries, Model CPX-2, 9mm caliber semi-automatic handgun bearing serial number 810788; (2) a Charter Arms Corp, Model Undercover, .32 caliber revolver bearing serial number 572488; (3) a Smith & Wesson, Model M&P, 9mm caliber semi-automatic handgun bearing serial number HTJ2681; (4) a Springfield Armory, Model XP-40, .40 caliber semi-automatic handgun bearing serial number US387757; (5) a H&R, Model 623, .22 caliber revolver bearing serial number T5805; (6) a Wischo-KG Erlangen, .22 caliber rifle with variable scope bearing serial number 217242; (7) a Silver Eagle Shotguns, Model RZ17

Tactical, 12-gauge pump-action shotgun bearing serial number 18P0599; (8) a Remington, Model 597, .22 caliber rifle bearing serial number JD33203A; (9) a Ruger, Model 10-22, .22LR caliber rifle bearing serial number 123-67339; and (10) a Smith & Wesson, Model M&P-15, 5.56 caliber semi-automatic rifle bearing serial number TL03899, and the firearms were in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1.      By virtue of the commission of the felony offense alleged in Count 1 of the Indictment, **DANIEL COMBS** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **DANIEL COMBS** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      By virtue of the commission of the offenses alleged in Counts 2 and 3 of the Indictment, **DANIEL COMBS** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and 924. Any and all interest that **DANIEL COMBS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.      The property to be forfeited includes, but is not limited to, the following which was seized from **DANIEL COMBS** on or about January 9, 2026:

**FIREARMS:**

a. SCCY Industries, Model CPX-2, 9mm caliber semi-automatic handgun bearing serial number 810788;

b. Charter Arms Corp, Model Undercover, .32 caliber revolver bearing serial number 572488;

c. Smith & Wesson, Model M&P, 9mm caliber semi-automatic handgun bearing serial number HTJ2681;

d. Springfield Armory, Model XP-40, .40 caliber semi-automatic handgun bearing serial number US387757;

e. H&R, Model 623, .22 caliber revolver bearing serial number T5805;

f. Wischo-KG Erlangen, .22 caliber rifle with variable scope bearing serial number 217242;

g. Silver Eagle Shotguns, Model RZ17 Tactical, 12 gage pump-action shotgun bearing serial number 18P0599;

h. Remington, Model 597, .22 caliber rifle bearing serial number JD33203A;

i. Ruger, Model 10-22, .22LR caliber rifle bearing serial number 123-67339;

j. Smith & Wesson, Model M&P-15, 5.56 caliber semi-automatic rifle bearing serial number TL03899

k. Anderson Manufacturing, Model AM-15, multi-caliber rifle bearing serial number 20259413;

l. J Stevens Arms & Tool Company, 12-gauge shotgun with no visible serial number; and

m. All associated ammunition and accessories.

**UNITED STATES CURRENCY:**

a. Approximately $6,043.00 in United States currency

4.     If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been

commingled with other property which cannot be divided without difficulty, the United

States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

JASON D. PARMAN
**FIRST ASSISTANT UNITED STATES ATTORNEY**

ANDREW H. TRIMBLE
**ASSISTANT UNITED STATES ATTORNEY**

# PENALTIES

## COUNT 1:

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If Prior Serious Drug Felony Conviction:**  Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

## COUNT 2:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

## COUNT 3:

Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**PLUS:**      Mandatory special assessment of $100 per count.

**PLUS:**      Forfeiture of listed items.